IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-197-FL

| | | |
|---|---|---|
| LESTER CHARLES VEREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. (DE 5), upon frivolity review pursuant to 28 U.S.C. § 1915A. It is recommended therein that the court dismiss plaintiff's complaint as frivolous. Plaintiff has filed objections to the M&R, and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge and dismisses the suit as frivolous.

## BACKGROUND

On April 2, 2014, *pro se* plaintiff, who is currently incarcerated, filed complaint seeking release from liability on certain bonds, allegedly related to state court criminal matters 93CRS30364 and 94CRS8449. Plaintiff references various terms and rules related to payment of bonds, without grounding in factual context, for example "Acceptance for Value for Discharge and Return of account numbers/charges 93CRS30364 and 94CRS8449 . . . by way of the Miller Act," as well as citation to the removal statute, 28 U.S.C. § 1441, and Rules 8 and 13 of the Federal Rules of Civil Procedure. (Compl. at 2-3). On April 29, 2014, M&R was entered describing lack of basis for

jurisdiction or claim in law or fact, thus recommending that plaintiff's complaint be dismissed as frivolous. Plaintiff filed a "memorandum in response to recommendation," which the court construes as an objection to the M&R.

**COURT'S DISCUSSION**

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's objections are only general and conclusory in nature and do not direct the court to a specific error in the M&R analysis. In fact, plaintiff states that he "does not wish to challenge nor contend with the Magistrate Judge or the Court's jurisdiction." The remaining statements in plaintiff's objection continue in the same vein as the allegations in the complaint, making various assertions regarding release of "debt" related to state criminal matters. Accordingly, the court need not conduct a *de novo* review.

The court, after carefully reviewing the M&R and the record, finds the analysis in the M&R to be thorough and cogent, and adopts it in full. The Prison Litigation Reform Act of 1996

2

("PLRA") directs the court to identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The magistrate judge determined that plaintiff's claims were frivolous both in lack of jurisdiction, and lack of basis in law and fact.

The complaint is particularly deficient, among other grounds noted in the M&R, because of a lack of subject matter jurisdiction. To confer jurisdiction on the federal court, a federal question "must be real and substantial, not colorable or frivolous." McCartney v. State of W.Va., 156 F.2d 739, 741 (4th Cir. 1946) "Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction." Id. "The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious." Id. This case is such an instance of purely fictitious assertion of federal question jurisdiction, supported merely by references to federal statutes and rules, where the allegations alleged in the complaint describe, to the extent discernable, matters of state law and procedure. Accordingly, the complaint must be dismissed as frivolous.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R in full, and DISMISSES plaintiff's complaint (DE 1) as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED, this the 4th day of June, 2014.

_LOUISE W. FLANAGAN_
United States District Judge

3